**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LESTER J. SMITH,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 5:12-cv-15-MTT-CHW** |
| | : | |
| **Warden CARL HUMPHREY, et. al.,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **Defendants** | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

_____

**ORDER ON RECOMMENDATION OF THE UNITED STATES**
**MAGISTRATE JUDGE & ORDER FOR SERVICE**

Plaintiff **LESTER J SMITH**, a prisoner at Hancock State Prison in Sparta, Georgia, has filed a *pro se* 42 U.S.C. § 1983 civil rights action. After conducting a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the United States Magistrate Judge recommended the dismissal of certain claims and parties. In response to that Recommendation [Doc. 11], Plaintiff filed both an amendment to his Complaint [Doc. 16] and an Objection to the Recommendation [Doc. 19].

The District Court has now carefully considered the Magistrate Judge's Recommendation, Plaintiff's objections thereto, and the proposed amendments to the Complaint, and it agrees that the Complaint fails to state a claim against the fictitious parties or any constitutional claims based on the alleged confiscation of Plaintiff's personal mail or property. To that extent, the Recommendation of the United States Magistrate Judge is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. Those claims and Defendants "**John and Jane Doe**," **Fields**, and **Myrick** are hereby

**DISMISSED**.[1]

In light of the amendments to the Complaint subsequently filed, however, the Court finds that Plaintiff has now made sufficient allegations against **Ricky Foskey**, **Dr. Burnside**, and **Nurse Gore** to survive a § 1915A(a) frivolity review.   His Due Process claims against Defendant Foskey and Eighth Amendment claims against Defendants Burnside and Gore shall accordingly go forward.

In his amendments, Plaintiff also states new claims for unlawful interference with his legal mail and retaliation. He alleges that Defendants **Powell**, **Mintz**, and **Goodman** intentionally withheld his mail from the Georgia Court of Appeals in retaliation for civil lawsuits he had filed and that their actions caused him to miss an appeal deadline. The Court finds that these allegations are also sufficient to survive a frivolity review and will require service on these Defendants. *See generally, Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). Though "**Officer Goodman**" was not initially named as a party to this action, Plaintiff plainly includes him as a Defendant in his amendments. The Clerk is thus **DIRECTED** to add Officer Goodman to the caption of this case as party defendant.

Plaintiff's new allegations of interference with his legal mail, when combined with his additional allegations of Defendants Humphrey's and Powell's refusal to allow Plaintiff to call his attorney in regard to an ongoing criminal case, also provide new support for Plaintiff's claims of unconstitutional telephone deprivation.   The Court will thus require Defendants **Humphrey** and **Powell** to answer to this claim as well.   *See Jayne v. Bosenko*, 2009 WL 4281995 at *11 (E.D. Cal. Nov. 23, 2009) (finding allegations that

---

[1] In his amendments to the Complaint [Doc. 16], Plaintiff in fact concedes that he cannot state a claim based on the confiscation of his personal property or against Defendants Myrick and Fields and offers to "voluntarily dismiss" those claims.

defendants denied inmate telephonic access to his attorney sufficient to state a First Amendment claim for the purposes of a §1915A frivolity review).

Therefore, it is hereby **ORDERED** that service be made on Defendants **Humphrey**, **Murphy**, **Powell**,[2] **Foskey**, **Burnside**, **Gore**, **Mintz**, and **Goodman** and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the Prison Litigation Reform Act.   The Clerk of Court is **DIRECTED** to attach copies of the initial Complaint [Doc. 1], all supplements thereto [Docs. 6, 8, 9, &10], Plaintiff's most recent amendments to the Complaint [Doc. 16], and all prior Orders of the Court when Defendants are served.

Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d). All parties shall also take notice of the following:

### DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall at all times keep the Clerk of Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute the Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions

---

[2] Though service has already been made on Defendants Humphrey, Murphy, and Powell as a result of the Magistrate Judge's Order [Doc. 11], these Defendants should be re-served in light of the new amendments to the Complaint.

as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may

result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court, and no party is required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   Unless otherwise specified by the Court, discovery is also limited as follows: each party is limited to twenty five (25) interrogatories, ten (10) requests for production of documents and things under Rule 34 of the Federal Rules of Procedure, and fifteen (15) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure.   No party is required to respond to requests exceeding these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

**SO ORDERED**, this 8th day of March, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr