IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LESTER J. SMITH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Civil Action |
| v. | : | No. 5:12-cv-15 (MTT) |
| | : | |
| **WARDEN CARL HUMPRHEY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## RECOMMENDATION ON MOTIONS FOR PRELIMINARY INJUNCTION

Plaintiff Lester J. Smith filed this lawsuit on January 11, 2012, alleging various claims under 42 U.S.C. § 1983 against officials at Hancock State Prison. Prior to the return of service on any Defendant, Plaintiff filed a Motion for Preliminary Injunction (Doc. 18), seeking an order directing Warden Glenn Johnson and George Ivey, at Hancock State Prison, to return legal documents that were allegedly confiscated "to thwart Plaintiff's litigation" and to allow Plaintiff to have contact with the criminal defense attorney preparing an appeal of his conviction. Johnson and Ivey are not parties to this action. No Defendant has responded to Plaintiff's Motion for Preliminary injunction.

Plaintiff's Motion for Preliminary Injunction is now moot. Since filing his Motion, Plaintiff has been transferred twice, first to Telfair State Prison in April (See Doc. 28) and then to Smith State Prison in July (See Doc. 58). A prisoner's transfer or release from a prison moots his claim for injunctive relief. McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984).

Plaintiff has also filed a letter (Doc. 31) alleging that Captain Spires at Telfair State Prison refused to allow him to pick up legal mail on April 4, 2012, and that Warden David Frazier, also at

Telfair, ordered Plaintiff to be taken to segregation for refusing to shave.[1] Plaintiff notes in the letter that the legal mail involved does not relate to his cases in this Court, but to other matters. To the extent that this letter seeks temporary injunctive relief, it is also moot due to Plaintiff's subsequent transfer to Smith State Prison. In addition, the allegations set forth in the letter do not indicate "a substantial likelihood that [Plaintiff] will suffer irreparable injury." Siegel v. LePore, 234 F.3d 1163, 1176 n. 9 (11th Cir. 2000). Plaintiff's allegations relate to past actions for which Plaintiff would have adequate remedies at law in a separate action. See Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1133 (11th Cir. 2005) ("a preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law.").

It is therefore **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 18) and his April 5 letter (Doc. 18), to the extent that it is construed as a Motion for Preliminary Injunction, be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 3rd day of August, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] Plaintiff has another pending case in this Court (Case No. 5:12-cv-26 (WLS)), in which he alleges that the shaving policy of the Georgia Department of Corrections violates his religious freedom.