**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LESTER J. SMITH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:12-CV-15 (MTT)** |
| | : | |
| **CARL HUMPHREY,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

<u>**RECOMMENDATION ON MOTION FOR PRELIMINARY INJUNCTION**</u>

Plaintiff Lester J. Smith has filed his third motion for preliminary injunction in the above-styled case. Doc. 62. Plaintiff's latest motion for injunctive relief, titled "Motion for Imminent Danger," states that Plaintiff has been diagnosed with "a serious medical need of hep-c." <u>Id.</u> Plaintiff alleges that he continues to be refused medical treatment and that Dr. David Cheney has falsified Plaintiff's medical records. Plaintiff requests the Court to order that Plaintiff be seen by an outside medical agency. Because Plaintiff's motion contains nothing more than conclusory allegations and because Plaintiff has failed to show that he will suffer irreparable harm absent injunctive relief, it is **RECOMMENDED** that Plaintiff's motion be **DENIED**.

Plaintiff has failed to show that he is entitled to a preliminary injunction. An injunction is an extraordinary remedy. <u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1127 (11th Cir. 2005). To obtain preliminary injunctive relief, a plaintiff has the burden of demonstrating that:

(a) there is a substantial likelihood of success on the merits;

(b) the TRO or preliminary injunction is necessary to prevent irreparable injury;

(c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and

(d) the TRO or permanent injunction would not be adverse to the public interest.

Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Because Plaintiff has failed to show that there is a serious risk of irreparable injury, injunctive relief is once again not warranted in this case. A plaintiff's failure to demonstrate a substantial likelihood of irreparable injury, alone, is sufficient to deny injunctive relief. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). A plaintiff must present sufficient facts to show a real and immediate threat of irreparable injury, and conclusory allegations will not suffice to show that a plaintiff will suffer irreparable harm. See O'Shea v. Littleton, 4114 U.S. 488, 494 (1974). In this case, Plaintiff has failed to show that he will suffer irreparable injury absent injunctive relief. Plaintiff merely asserts a diagnosis and states that he is not getting proper treatment. Plaintiff has not alleged any facts or presented any evidence of any actual harm that has resulted from his alleged failure to receive medical treatment. Plaintiff has merely stated broad allegations against staff members of the Georgia Department of Corrections. Accordingly, Plaintiff is not entitled to injunctive relief.

It is therefore **RECOMMENDED** that Plaintiff's Motion for Imminent Danger be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served a copy thereof.

**SO RECOMMENDED**, this 27th day of August, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge