IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-15 (MTT) |
| | : | |
| CARL HUMPHREY, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

### RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Carl Humphrey, William Powell, Benjamin Murphy, Kenneth Goodman, Ricky Foskey, Dr. Edward Burnside, and Mary Gore. Doc. 38. Also before the Court is a Motion to Dismiss filed by Defendant Earnest Mintz, in which Defendant Mintz joins his co-defendants' motion. Doc. 94. For the reasons stated below, **IT IS RECOMMENDED** that Defendants' motions be **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

Plaintiff Lester J. Smith, a *pro se* litigant, has initiated the instant action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to an array of constitutional violations while he was incarcerated at the Georgia Diagnostic and Classification Prison (GDCP). Doc. 1. Plaintiff, who is also currently litigating other actions in this Court and in other courts,[1] claims that he has been subjected to acts of retaliation based on his consistent filing of grievances both on his own behalf and on the behalf of other inmates. Id. Plaintiff alleges that, as a result of his numerous grievances, he has been denied permission to telephone his lawyer and access to his legal mail.

---

[1] See Smith v. Owens, et al., 3:11-cv-44 (DHB) (S.D.Ga.); Smith v. Owens, 5:12-cv-26 (WLS) (M.D.Ga.).

1

Id. Plaintiff also alleges that he was placed in the GDCP Special Management Unit (SMU) for over a year without periodic review. Id. Plaintiff contends that his confinement in SMU was a retaliatory act. Id. Plaintiff also alleges that he was denied medical treatment for his hepatitis C, dental issues, and vision problems. Id. Plaintiff seeks compensatory, punitive, and nominal damages. Id.

On January 11, 2012, Plaintiff filed his Complaint. Id. After Plaintiff amended his Compliant on multiple occasions and the Court conducted a frivolity review pursuant to 28 U.S.C. § 1915A, the following claims were allowed to proceed: (1) due process claims against Defendants Humphrey, Powell, Murphy, and Foskey based on Plaintiff's placement and continued incarceration in SMU; (2) retaliation claims against Defendants Humphrey and Powell for keeping Plaintiff in SMU based on Plaintiff's continuous filing of grievances; (3) retaliation claims against Defendants Powell, Mintz, and Goodman for denying Plaintiff access to his legal mail and to telephone his attorney based on Plaintiff's filing of grievances; (4) access to courts claims against Defendants Powell, Mintz, and Goodman for denying Plaintiff access to his legal mail and access to telephone his attorney; and (5) Eighth Amendment claims against Defendants Dr. Burnside and Gore for failing to provide Plaintiff with medical treatment. Docs. 11, 23.[2]

## DISCUSSION

Defendants have moved to dismiss Plaintiff's Complaint for failing to exhaust his administrative remedies and failing to state a claim. Docs. 38, 94. Defendants have also asserted that they are entitled to qualified immunity and that Plaintiff is not entitled to compensatory or punitive damages because Plaintiff has failed to allege a physical injury. The Court finds that Plaintiff exhausted his administrative remedies regarding each of his claims except his telephone deprivation claim. Additionally, Plaintiff has stated procedural due process claims, retaliation

---

[2] Plaintiff has voluntarily dismissed his claim regarding his lost folder. Doc. 16.

claims, an access to court claim, and an Eighth Amendment claim against Defendants in their individual capacities. Plaintiff has failed, however, to state a substantive due process claim or to state Eighth Amendment claims regarding his alleged failure to receive dental and eye care. Plaintiff has also failed to state a claim against Defendants in their official capacities.

Additionally, all claims against Defendants for injunctive and declaratory relief shall be dismissed as moot. "A prisoner's transfer or release from a jail moots his individual claim for declaratory or injunctive relief." McKinnon v. Talladega County, Alabama, 745 F.2d 1360, 1363 (11th Cir. 1984). Because Plaintiff is no longer incarcerated at the GDCP and is currently incarcerated at Georgia State Prison, Plaintiff's claims for injunctive or declaratory relief shall be denied.

## I. Exhaustion of Administrative Remedies

It is undisputed that Plaintiff has habitually filed grievances since he has been incarcerated in the Georgia prison system. Plaintiff's grievance history shows that that he filed over 140 informal and formal grievances between November 2009 and February 2012, including approximately 60 grievances during the fourteen months that he was incarcerated at GDCP. Def. Ex. 1, Attachment C (Doc. 38-5). Although Defendants acknowledge Plaintiff's extensive grievance history, Defendants allege that Plaintiff failed to properly exhaust his administrative remedies regarding each of his claims arising at the GDCP except his due process claims. Because Plaintiff has demonstrated that he fully exhausted his administrative remedies regarding each of his claims except for his claim that he was denied permission to telephone his attorney, only Plaintiff's telephone deprivation claim shall be dismissed for failure to exhaust administrative remedies.

The Prison Litigation Reform Act (PLRA) requires an incarcerated plaintiff to exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies. Harper, 179 F.3d at 1312.

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. at 1082. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

1. Retaliation claims

Plaintiff has provided sufficient evidence to overcome Defendants' contention that Plaintiff failed to properly exhaust his administrative remedies regarding his retaliation claims. In support of the Motion to Dismiss, Defendants have submitted the affidavit of GDCP Deputy

4

Warden of Care and Treatment Victoria Malone, whose job duties include overseeing the inmate grievance process. Def. Ex. 1 (Doc. 38-2). Defendants also attached a copy of the Georgia Department of Corrections Standard Operating Procedures (GDOC SOP) to Malone's affidavit. Malone's affidavit and the GDOC SOP provide a detailed three-step grievance procedure that must be followed by inmates, consisting of filing an informal grievance, a formal grievance, and a grievance appeal.

The record shows that Plaintiff filed an informal grievance, a formal grievance, and a grievance appeal regarding each of his retaliation claims. Plaintiff filed informal grievance 88980 stating that Defendants Powell and Humphrey kept Plaintiff in the SMU because Plaintiff filed grievances. Doc. 10-1 at 19. Plaintiff also filed informal grievance 83364 stating that his legal mail was being obstructed and that he believed the obstruction was caused by Defendants Mintz and Powell. Doc. 38-11. After each informal grievance was denied, Plaintiff filed a formal grievance. Doc. 10-1 at 18; Doc. 38-11. In lieu of restating his compliant on each formal grievance, Plaintiff wrote "see informal" on the formal grievances. Id. Plaintiff's formal grievances were denied. Id. The formal grievances were each denied on the merits rather than for failing to properly complete or fill-out the formal grievance. Id. Plaintiff then completed the third step of the grievance process by filing a grievance appeal. Doc. 10-1 at 17; Doc. 38-11. On both occasions, however, the appeals were rejected because Plaintiff had failed to properly fill-out the formal grievance. Id. The appeal responses stated that "[p]olicy states that you must fill out and sign the formal grievance. Writing 'see informal' does not constitute filling out the formal grievance." Id.

Defendants contend that Plaintiff did not properly exhaust his administrative remedies because the grievance appeals were denied as non-compliant with the GDOC policy. The record

5

indicates, however, that Plaintiff complied with the GDOC SOP. As discussed above, Plaintiff followed the three-step procedure prescribed by the GDOC SOP for each grievance. Although the Office of Inmate Affairs and Appeals was not satisfied with Plaintiff's writing "see informal" on his formal grievance, there is nothing in the GDOC SOP indicating that doing so was against GDOC policy. The GDOC SOP merely states that an inmate must "fill out and sign his Formal Grievance Form and return it to his counselor…." GDOC SOP IIB05-0001 (VI)(C)(2) (Doc. 38-3). Nothing in the policy states that "see informal" does not constitute filling out the grievance. The grievance counselor is required to attach a copy of the inmate's informal grievance to his formal grievance, so the official in charge of reviewing the formal grievance can refer to the informal grievance if needed. See GDOC SOP IIB05-0001 (VI)(C)(3) (Doc. 38-3).

Moreover, Plaintiff's formal grievance was not rejected as noncompliant or incomplete, and there is nothing in the record to suggest that his grievance appeal was not filed properly. Additionally, Plaintiff alleges that he was informed by prison officials that it was acceptable to write "see informal" on his formal grievances. Doc. 47 at 5. Accordingly, the Court finds that Plaintiff exhausted his administrative remedies regarding his retaliation claims.

2. Access to courts claims

As discussed above, Plaintiff has exhausted his administrative remedies regarding his claims that Defendants obstructed his legal mail. As such, his access to courts claims based on the obstruction of the legal mail are also exhausted. Plaintiff failed, however, to exhaust his administrative remedies regarding his claims that he was denied access to telephone his lawyer.

Although the record shows that Plaintiff filed informal grievance 76952 claiming that prison officers told him to get off of the phone while he was discussing legal matters with his lawyer, Plaintiff did not file a formal grievance. Docs. 10-1 at 20; Doc. 38-8. Plaintiff concedes

6

that he did not file a formal grievance regarding the issue, but alleges that he attempted to submit the grievance as an emergency grievance and that the shift supervisor refused to accept the grievance. Id. According to GDOC SOP, an inmate must file an emergency grievance as an informal grievance if his grievance is not determined to be an emergency. GDOC SOP IIB05-0001 (IV)(E)(2). There is no evidence that Plaintiff pursued his informal grievance after it was allegedly refused as an emergency grievance. Additionally, Plaintiff has failed to show that he made any further attempts to submit his grievance. As such, Plaintiff has failed to exhaust his administrative remedies regarding his telephone deprivation claim. Accordingly, it is **RECOMMENDED** that Plaintiff's telephone deprivation claim be **DISMISSED**.

3. Medical care claims

Plaintiff has provided sufficient evidence to overcome Defendants' contention that Plaintiff failed to exhaust his administrative remedies regarding his Eighth Amendment medical care claims. The record shows that Plaintiff filed informal grievance 70379 claiming that his requests for medical treatment were ignored. Doc. 38-7. Plaintiff also filed a formal grievance and a grievance appeal regarding the issue. Id.

Defendants contend that Plaintiff did not properly exhaust his remedies because his formal grievance violated GDOC policy by containing more than one issue. In support of their contention, Defendants have submitted a computer printout of the history of grievance 70379. Doc. 38-7. Although the grievance history indicates that the investigator assigned to the appeal recommended that the appeal be rejected for failing to comply with the GDOC policy, the appeal results simply states that the appeal was denied. Id. Plaintiff has submitted evidence showing that the appeal was decided on the merits. See Doc. 63-2 at 17. Plaintiff has provided the copy of the appeal response that was provided to him, which states that the office of Health Services and

7

Clinical Staff reviewed the grievance appeal and concluded that the medical personnel handled Plaintiff's case appropriately. Id. Accordingly, the Court finds that Plaintiff properly exhausted his administrative remedies regarding his Eighth Amendment medical care claims.

**II.     Failure to State a Claim**

Defendants contend that Plaintiff has failed to state a claim for each of his claims. Defendants also allege that Plaintiff is not entitled to monetary damages because he has failed to allege a physical injury, and Defendants contend that they are entitled to qualified immunity in their individual capacities. Plaintiff has sufficiently stated a claim for his procedural due process claim, retaliation claims, access to courts claim, and Eighth Amendment medical care claim related to his alleged failure to receive treatment for his hepatitis C. Plaintiff has failed, however, to state a substantive due process claim or an Eighth Amendment claim related to his failure to receive dental and eye care. Additionally, to the extent that Plaintiff seeks to allege his claims against Defendants in their official capacities, those claims must be dismissed.

1. Claims against Defendants in their official capacities

Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment. The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in Section 1983 cases. Carr v. City of Florence, Ala., 916 F.3d 1521, 1525 (11th Cir. 1990). Thus, if the state has not waived its immunity, the Eleventh Amendment bars a Section 1983 suit against that state. Cross v. State of Ala., 49 F.3d 1490 (11th Cir. 1995). By extension, the Eleventh Amendment also bars Section 1983 suits against state officials in

8

their official capacities, because in such a case, the state is considered the real party in interest since an award of damages would be paid by the state. Id. at 1503.

In this case, all Defendants are protected by Eleventh Amendment immunity. The State of Georgia has specifically preserved its Eleventh Amendment Immunity in the state constitution. Ga. Const. Art. 1, Sect. II, Par. IX(f). As explained above, official capacity defendants are not persons. As such, any Section 1983 claims against Defendants in their official capacity are not permissible. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's claims against Defendants in their official capacities be **DISMISSED**.

2. Substantive due process claims

Plaintiff has failed to state a claim that his substantive due process rights were violated by his confinement in SMU. The Fourteenth Amendment protects persons against deprivations of life, liberty, or property without due process. U.S. CONST. AMEND. 14. Substantive due process protects fundamental rights implied by the concept of liberty. McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994). A claim shall not be asserted under the generalized notion of substantive due process, however, when a constitutional amendment "provides an explicit textual source of constitutional protection against" the plaintiff's claims. Graham v. Connor, 490 U.S. 386, 395 (1989). In this case, the Eighth Amendment provides a source of protection for Plaintiff's claims related to the conditions of his confinement in SMU. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 345 (1981). As such, Plaintiff's claim fails under the generalized notion of substantive due process.

Plaintiff has failed to allege his claim as a condition of confinement claim under the Eighth Amendment. Even if Plaintiff's claims were construed under the Eighth Amendment,

Plaintiff has failed to state a claim regarding the general conditions of SMU.[3] "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations omitted). A plaintiff must "at the very least [allege] that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety. Id. (internal quotations omitted). Regarding the general conditions of SMU, Plaintiff alleges only that he has been denied access to his personal property and to certain media. Because Plaintiff has failed to allege that the general conditions of confinement in SMU posed a substantial risk to his health and safety, Plaintiff has failed to state a claim regarding the general conditions of confinement in SMU. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's substantive due process claims be **DISMISSED**.

3. Procedural due process claims

At this stage of the proceedings, Plaintiff's allegations that Defendants Humphrey, Powell, Murphy, and Foskey deprived him of due process with regard to his placement and continued confinement in SMU are sufficient to state a colorable claim. To state a viable due process claim in the context of prisoner classification, a prisoner must establish the existence of a liberty interest in avoiding the conditions of confinement that resulted from the classification. See Sandin v. Conner, 515 U.S. 472 (1995). The Constitution itself does not give rise to a liberty interest in avoiding a prisoner's classification or transfer to more adverse conditions of confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). A liberty interest can nevertheless arise from the expectations or interests created by a state's laws or policies. Wolff v. McDonnell, 418 U.S. 539, 556-558 (1974).

---

[3] Plaintiff has stated an Eighth Amendment claimed based on his alleged failure to receive medical treatment for his hepatitis C, discussed *infra*.

To determine whether or not there is a state-created liberty interest with respect to a prisoner's classification, a comparative review of the post-classification conditions of confinement in relation to the ordinary incidents of prison life is required. Sandin, 515 U.S., at 484. If, following this evaluation, it appears that the post-classification conditions are so severe as to impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, a protected liberty interest as well as the right to due process may be established. Id.

According to the pleadings, Plaintiff was assigned to the prison's SMU, where he remained from August 2010 through October 2011. Plaintiff alleges that the conditions in SMU are more restrictive than the conditions of general confinement. According to Plaintiff, some of these restrictions include the confiscation of all personal property and no access to media. Plaintiff also asserts that, in relation to the everyday incidents of prison life, the conditions of confinement in SMU clearly impose an atypical and significant hardship. By extension, therefore, Plaintiff maintains that he has a protected liberty interest that has been abridged by Defendants' repeated failure or refusal to afford him any type of due process with regard to his continued confinement in SMU.

Defendants contend that Plaintiff's due process claims must fail because Plaintiff's allegations regarding his placement in SMU do not necessarily provide a dramatic departure from the ordinary conditions of incarceration. Although Plaintiff's allegations alone arguably do not present conditions that dramatically depart from the ordinary conditions of incarceration, there are similar due process challenges to GDCP SMU pending in this court that have survived a similar motion to dismiss based on allegations of significantly more restrictive conditions of

confinement in SMU. See, e.g., Turner v. Upton, 5:10-cv-502 (MTT). In the interest of judicial consistency, it is approptiate to allow Plaintiff's claims to survive Defendants' motion to dismiss.

If Plaintiff's allegations are accepted as true, as is required at this stage in the proceedings, Plaintiff has sufficiently alleged viable claims of violations of his right to due process. That is, Plaintiff's allegations, if proven, may well demonstrate that he has a liberty interest in avoiding the restrictive conditions of confinement present in SMU and that, by failing to afford him any due process, this interest was violated. Accordingly, it is hereby **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's procedural due process claims be **DENIED**.

4. Retaliation claims

Plaintiff has also stated colorable retaliation claims against Defendants Humphrey, Powell, Goodman, and Mintz. The First Amendment prohibits prison officials from retaliating against inmates for exercising the right of free speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). To state a retaliation claim, the plaintiff must allege that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. It is established that an inmate is exercising his right of free speech when he files grievances related to the conditions of his confinement. Id.; Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). Accordingly, an inmate "can establish retaliation by demonstrating that the prison official's actions were the result of having filed a grievance concerning the conditions of his imprisonment." Farrow, 320 F.3d at 1248. An inmate can also establish a retaliation claim if he shows that retaliatory action was a result of prisoner's filing of a lawsuit

concerning the conditions of his imprisonment. Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).

Accepting Plaintiff's allegations as true, Plaintiff has sufficiently stated a retaliation claim against Defendants Humphrey, Powell, Goodman and Mintz. Plaintiff alleges that Defendants Humphrey and Powell kept Plaintiff in SMU because Plaintiff continued to file grievances. Plaintiff also alleges that Defendants Powell, Goodman, and Mintz obstructed his legal mail because Plaintiff had initiated a lawsuit against them. As such, Plaintiff has sufficiently alleged that he suffered adverse actions caused by Defendants for exercising his free speech rights.

Defendants contend that Plaintiff's claims fail because Defendants' actions would not likely deter a person of ordinary firmness from engaging in such speech. Defendants alleged that the withholding of mail would not likely deter a person of ordinary firmness from filing suit, and that Plaintiff has not been deterred from engaging in such speech, as he has continued to file numerous lawsuits and grievances. "Whether the [official's actions] 'would likely deter' presents an objective standard and a factual inquiry." Smith, 532 F.3d at 1277. Because whether the objective standard has been met requires a factual inquiry, Defendants' argument fails at this stage of the proceedings. Accordingly, it is hereby **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's retaliation claims be **DENIED**.

5. Access to courts claim

Plaintiff's remaining access to courts claim alleges that Defendants Powell, Goodman, and Mintz obstructed his legal mail, causing Plaintiff to miss a filing deadline. Defendants contend that Plaintiff's claim must be dismissed because he has failed to show an actual injury by demonstrating that he was pursuing a nonfrivolous claim. Because Plaintiff's appeal involved

13

Plaintiff's complete denial of access to the Butts County Superior Court, the Court cannot conclude that the appeal was frivolous. Accordingly, Plaintiff's access to court claim shall be allowed to proceed.

Plaintiff alleges that the obstruction of his legal mail violated his First Amendment right to access the courts. Courts have long recognized that inmates have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). Prisons must provide "adequate, effective, and meaningful" access to the courts. Id. at 822. In order to establish a violation of the right to access the courts, an inmate must show an actual injury. Cunningham v. District Attorney's Office for Escambia County, 592 F.3d 1237, 1271 (11th Cir. 2010) (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)). Without an actual injury, an inmate does not have standing to bring an access to courts claim. Id.[4]

Plaintiff has presented sufficient evidence to show that he has suffered an actual injury. The "essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998). The plaintiff's underlying cause of action must "be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416 (2002) (internal quotations omitted). Although missing a filing deadline may constitute actual injury in the pursuant of a nonfrivolous

---

[4] In Al-Amin v. Smith, 511 F.3d 1317 (11th Cir. 2008), the Eleventh Circuit distinguished First Amendment access to court claims from First Amendment free speech claims, finding that access to court claims require a plaintiff to show an actual injury but free speech claims do not. Because Plaintiff has presented his claim as access to court claim, Plaintiff must show an actual injury. Plaintiff has failed to argue that he is alleging a free speech claim and therefore does not have to show actual injury pursuant to Al-Amin.

claim, the plaintiff must first show that his underlying cause of action is nonfrivolous. See Wilson, 163 F.3d at 1290.

To determine whether Plaintiff has alleged an actual injury, the Court must examine the merits of Plaintiff's proposed appeal to determine whether it was frivolous. Defendants argue that Plaintiff's appeal was frivolous because the underlying case was dismissed by the Butts County Superior Court as frivolous. Doc. 38-15. The order that Plaintiff appealed, however, did not address the underlying claim. Id. The order, titled "Order Denying Filing of Inmate Civil Action and for Clerk to Return Actions Back to Inmate," ordered the clerk to "not file *any* actions by [Plaintiff] and to return *any* actions [Plaintiff] tries to file to him, without presentation to the Court." Id. (emphasis added). Although courts may implement limitations on *pro se* litigants to prevent the continuous filing of frivolous lawsuits, an order that denies a plaintiff complete access to the court without any judicial discretion may be unreasonable. See Smith v. Adamson, 226 Ga.App. 698 (1997); see also Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986). In this case, it appears that the Georgia Court of Appeals granted Plaintiff's application for probable cause to appeal the Superior Court's prohibition on filing future lawsuits. Doc. 75-1 at 18.

Because the Court cannot conclude that Plaintiff's appeal would have been frivolous, Plaintiff has alleged sufficient facts to establish an actual injury. As such, Plaintiff has established standing and has stated an access to courts claim against Defendants Powell, Goodman, and Mintz. Accordingly, it is hereby **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's access to courts claim be **DENIED**.

6. <u>Eighth Amendment medical care claims</u>

Plaintiff alleges that Defendants Dr. Burnside and Gore were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment for failing to treat his hepatitis C and failing to provide him with dental and eye care. At this stage of the proceedings, Plaintiff has sufficiently stated a claim against Defendants regarding Defendants' alleged failure to treat Plaintiff's hepatitis C. Plaintiff, however, has failed to allege an objectively serious medical need regarding his claims that he failed to receive dental and eye care.

Plaintiff has sufficiently stated an Eighth Amendment claim against Defendants Dr. Burnside and Gore for failing to treat Plaintiff's hepatitis C. The Eighth Amendment prohibits cruel and unusual punishment, including deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11th Cir. 1999). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. <u>Campbell</u>, 169 F.3d at 1363. With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) conduct that is more than mere negligence. <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999).

The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. <u>Taylor</u>, 221 F.3d at 1258.

The complete failure to treat a serious medical condition, however, may amount to deliberate indifference. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

In this case, Plaintiff has alleged that Defendants ignored his requests for treatment and failed to treat his hepatitis C. Hepatitis C is a serious medical condition. See id. As such, Plaintiff has stated a claim against Defendants Dr. Burnside and Gore for failing to treat his hepatitis C.

Plaintiff, however, has failed to state a claim regarding his failure to receive dental and eye care. Plaintiff has failed to allege an objectively serious medical condition that poses a substantial risk of serious harm. Plaintiff merely alleges that he needed dental care and eye care but did not receive it. Although some dental and eye issues may rise serious medical needs, Plaintiff has failed to allege such conditions. See Farrow v. West, 320 F.3d 1235, 1247 (plaintiff's lack of teeth and need for dentures constituted a serious medical need); Wallace v. Ramsey, 2006 WL 2793157 (M.D.Ga. 2006) (stating that glaucoma is a very serious medical condition).

Accordingly, it is hereby **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's Eighth Amendment claims related to Defendants' failure to treat his hepatitis C be **DENIED** and that Defendants' motion to dismiss Plaintiff's claims related to Defendants' failure to provide dental and eye care be **GRANTED**.

### III.    Qualified Immunity

In addition to their other arguments, Defendants contend that they are entitled to qualified immunity to the extent that they are being sued in their individual capacity. In support of their claim of qualified immunity, Defendants argue that Plaintiff has failed to show that he has suffered any constitutional deprivation. Contrary to this assertion, and as has already been explained, Plaintiff has adequately alleged procedural due process, retaliation, access to courts,

and Eighth Amendment claims which, if proven, could amount to compensable constitutional violations under clearly established federal law. As such, Defendants have failed to demonstrate that they are entitled to qualified immunity regarding those claims.

### IV. Damages

Defendants also contend that Plaintiff's claims for compensatory and punitive damages must be dismissed because Plaintiff has failed to allege a physical injury. Pursuant to the PLRA, an inmate is precluded from recovering compensatory and punitive damages absent the showing of a physical injury. Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007); 42 U.S.C. § 1997e(e). An inmate may still recover nominal damages, however. Smith, 502 F.3d at 1271.

In this case, Plaintiff has failed to allege a physical injury regarding his procedural due process, retaliation, and access to courts claims. As such, Plaintiff's recovery on those claims is limited to nominal damages. Plaintiff may also seek monetary damages regarding his remaining Eighth Amendment claim, based on his allegation that his physical condition worsened due to the failure of Defendants Dr. Burnside and Gore to treat his hepatitis C.

### CONCLUSION

For the reasons stated above, it is hereby **RECOMMENDED** that Defendants' motions to dismiss be **GRANTED IN PART** and **DENIED IN PART**. It is **RECOMMENDED** that Plaintiff's claims against Defendants in their official capacities, Plaintiff's claims related to his telephone deprivation, Plaintiff's substantive due process claims, and Plaintiff's Eighth Amendment claims related to his failure to receive dental and eye care be **DISMISSED**.

It is **RECOMMENDED** that Plaintiff be allowed to proceed with his procedural due process claims against Defendants Humphrey, Powell, Murphy, and Foskey; retaliation claims against Defendants Humphrey, Powell, Goodman, and Mintz; access to court claim regarding the

obstruction of his legal mail against Defendants Powell, Goodman, and Mintz; and Eighth Amendment claims against Defendants Dr. Burnside and Gore regarding the failure to treat his hepatitis C.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of January, 2013.

Charles H. Weigle
United States Magistrate Judge