**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LESTER J. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:12-CV-15 (MTT)** |
| | ) | |
| **CARL HUMPHREY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Before the Court is the Report and Recommendation of Magistrate Judge

Charles H. Weigle.  (Doc. 118).  The Magistrate Judge recommends granting in part

and denying in part the Defendants' Motions to Dismiss (Docs. 38, 94).

Specifically, Judge Weigle recommends the Plaintiff's claims against Defendants

in their official capacities, the Plaintiff's claims related to his telephone deprivation, the

Plaintiff's substantive due process claims, and the Plaintiff's Eighth Amendment claims

related to his failure to receive dental and eye care be dismissed.  However, the

Magistrate Judge also recommends the Plaintiff be allowed to proceed with his

procedural due process claims against Defendants Humphrey, Powell, Murphy, and

Foskey; retaliation claims against Defendants Humphrey, Powell, Goodman, and Mintz;

access to court claim regarding the obstruction of his legal mail against Defendants

Powell, Goodman, and Mintz; and Eighth Amendment claims against Defendants Dr.

Burnside and Gore regarding the failure to treat his hepatitis C.  Both the Plaintiff and

the Defendants object to the Recommendation.  (Docs. 121, 122).

The Plaintiff objects to the recommended dismissal of his substantive due process claim, arguing it should be construed as a "conditions of confinement" claim. This objection is without merit.  As the Magistrate Judge observed, the Plaintiff cannot rely on the generalized notion of "substantive due process" because the Eighth Amendment provides an explicit right to relief from cruel and unusual punishment imposed by prison conditions.  *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Therefore, he would have to plead facts alleging the "condition of his confinement poses an unreasonable risk of serious damage to his future health or safety."  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  He did not do so.  Further, the Court declines to construe a condition of confinement claim using the Plaintiff's denial of medical care allegations, as he suggests, because those facts more appropriately support his deliberate indifference claim, which is being allowed to proceed.  Therefore, the Magistrate Judge is correct in recommending the Plaintiff's substantive due process claims be **DISMISSED**.

The Defendants object to the recommendation that the Plaintiff's procedural due process claim be allowed to go forward, arguing the Plaintiff has not stated sufficient factual allegations to support his claim and, even if he had, that the Defendants are entitled to qualified immunity.  This objection is not unreasonable.  To state a liberty interest that is protected by procedural due process, the Plaintiff must allege that he experienced hardships while confined in the SMU that were a significant and atypical departure from general prison conditions.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  He did not do so.  But the Magistrate Judge recommends this claim proceed because pending before this Court are other plaintiffs' due process challenges that

allege facts regarding the same area of the same prison where the Plaintiff was confined, and which this Court has found sufficient to survive motions to dismiss. *See, e.g.*, *Turner v. Upton*, 5:10-cv-502 (MTT). Admittedly, to presume this Plaintiff was subject to the same policies and conditions as these other plaintiffs is appealing from a common-sense perspective. But without more facts that specifically relate to this Plaintiff, it's not a presumption this Court can make. As the Defendants argue, the Plaintiff cannot rely on facts alleged in "*other lawsuits* filed by *other inmates*," and to allow him to do so would be to cure "his deficient pleading … by judicial rewriting." (Doc. 122 at 6, 11).

Further, the Court is not persuaded the Plaintiff could cure his deficiency in this area if he was given a chance to amend the Complaint. Since objecting to the Recommendation, the Plaintiff has filed at least two additional responses that purport to address his due process claims. (Docs. 125, 128). Yet neither filing offers factual allegations that could be construed to state a liberty interest, and the Plaintiff will not be offered an additional opportunity to delay the inevitable dismissal of this claim. Accordingly, the Court rejects the Magistrate Judge's recommendation that the Plaintiff's procedural due process claim be allowed to proceed. As to this claim, the Defendants' motions to dismiss are **GRANTED**. No objections to the remaining portions of the Report and Recommendation were filed. After reviewing those portions of the Recommendation, they are adopted and made the **ORDER** of this Court.

In sum, the Plaintiff's claims against Defendants in their official capacities, the Plaintiff's claims related to his telephone deprivation, the Plaintiff's substantive due process claims, and the Plaintiff's Eighth Amendment claims related to his failure to

receive dental and eye care are **DISMISSED**.  Further, despite the Magistrate Judge's recommendation, the Plaintiff's procedural due process claim is also **DISMISSED**.

The Plaintiff's retaliation claims against Defendants Humphrey, Powell, Goodman, and Mintz, his access to court claim regarding the obstruction of his legal mail against Defendants Powell, Goodman, and Mintz, and his Eighth Amendment claims against Defendants Dr. Burnside and Gore regarding the failure to treat his hepatitis C will all go forward.  As to those claims, the Defendants' motions to dismiss are **DENIED**.

**SO ORDERED**, this 22nd day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT