IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER J. SMITH, | ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. 5:12-CV-15 (MTT) |
| CARL HUMPHREY, et al., | ) ) |
| Defendants. | ) ) ) |

## ORDER

Before the Court is the Plaintiff's Motion for Reconsideration (Doc. 135) and Motion for Relief (Doc. 136) filed in response to this Court's Order (Doc. 132) adopting the Magistrate Judge's Report and Recommendations (Doc. 118). The Court construes the Plaintiff's motions as a combined request for reconsideration.

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice*." M.D. Ga., L.R. 7.6 (emphasis added). "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Plaintiff has not met this burden.  He has not alleged an intervening change in the law, nor has he presented new evidence previously unavailable to him. Moreover, the Court is not persuaded its ruling was clearly erroneous.

Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 11th day of March, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT