IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESTER J. SMITH, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:12-CV-15 (MTT) |
| CARL HUMPHREY, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Plaintiff Lester J. Smith has filed his fourth motion for injunctive relief in the above-styled case. Doc. 131. Plaintiff's latest motion for injunctive relief, titled "Motion for Order for Outside Medical Care," is similar to his previous motions. Plaintiff continues to seek relief against prison officials who are not parties to this lawsuit, to make unsupported allegations of document falsification, to complain about prison officials' negligent treatment of his hepatitis C and skin condition, and to request that the Court order Plaintiff to be seen by an outside medical agency. Because Plaintiff again fails to show that will suffer irreparable harm absent injunctive relief or that there is a substantial likelihood of success on the merits of his claim, it is **RECOMMENDED** that Plaintiff's motion be **DENIED**.

Plaintiff has failed to show that he is entitled to a preliminary injunction. An injunction is an extraordinary remedy. Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005). To obtain preliminary injunctive relief, a plaintiff has the burden of demonstrating that:

(a) there is a substantial likelihood of success on the merits;

(b) the TRO or preliminary injunction is necessary to prevent irreparable injury;

  (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and

  (d) the TRO or permanent injunction would not be adverse to the public interest.

Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

  Because Plaintiff has failed to show that there is a serious risk of irreparable injury, injunctive relief is once again not warranted in this case. A plaintiff's failure to demonstrate a substantial likelihood of irreparable injury, alone, is sufficient to deny injunctive relief. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). A plaintiff must present sufficient facts to show a real and immediate threat of irreparable injury, and conclusory allegations will not suffice to show that a plaintiff will suffer irreparable harm. See O'Shea v. Littleton, 4114 U.S. 488, 494 (1974).

  In this case, Plaintiff has failed to show that he will suffer irreparable injury absent injunctive relief. Plaintiff makes conclusory allegations that his condition is worsening and that he is receiving inadequate and negligent treatment for his health problems. Plaintiff also requests "organic" treatment for his skin condition, but does not detail how his current treatment is inadequate. Plaintiff merely continues to support his claims with allegations that prison officials falsify medical documents. Despite Plaintiff's continuing allegations, he fails to provide evidence that he will suffer an irreparable injury.

  Plaintiff has also failed to show a substantial likelihood of success on the merits. To prevail on an Eighth Amendment claim regarding inadequate medical care, a prisoner must establish deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Campbell,

169 F.3d at 1363. With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. Equally important in the context of this case, a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and are not actionable under Section 1983. Estelle, 429 U.S. at 105.

Plaintiff states that prison officials have provided negligent treatment and have not provided the type of treatment desired by Plaintiff. Although Plaintiff contends that the treatment is so negligent that it amounts to deliberate indifference, he provides no factual support for his claims. Because Plaintiff's claims amount to a preference in his course of treatment, Plaintiff has failed to show a substantial likelihood of success on the merits. Moreover, Plaintiff does not have a likelihood of success on the merits because he seeks relief against prison officials not named in this action. Accordingly, Plaintiff has failed to show that he is entitled to injunctive relief.

It is therefore **RECOMMENDED** that Plaintiff's Motion for Order for Outside Medical Care be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served a copy thereof.

**SO RECOMMENDED**, this 2nd day of July, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge